**Grover Lee TRYON, Petitioner,**

v.

**The STATE of Oklahoma, Respondent.**

**No. A–16854.**

Court of Criminal Appeals of Oklahoma.

Oct. 13, 1971.

Grover Lee Tryon, pro se.

Larry Derryberry, Atty. Gen., for respondent.

BUSSEY, Presiding Judge.

This is an appeal from the Order of the trial court denying post conviction relief. A copy of the application for post conviction relief in the District Court of Oklahoma County, together with the transcript of the proceedings on a plea of guilty in Case No. CRF–69–2477, and the Order Denying Post Conviction Relief have been filed in this Court by the District Court of Oklahoma County. Judge Clarence Mills properly denied post conviction relief on the 27th day of July, 1971, when he stated that the defendant was represented by an able lawyer, pled guilty in open court of his own free will and was advised of his rights. To substantiate these findings, we quote the following from the transcript filed herein:

"THE COURT: How old are you, Mr. Tryon?

THE DEFENDANT: 24.

THE COURT: Do you understand what Mr. Jordan just stated?

THE DEFENDANT: Yes, sir.

THE COURT: That you wish to withdraw your plea of not guilty that you heretofore entered and enter a plea of guilty?

THE DEFENDANT: Yes, sir.

THE COURT: You're sure that's what you want to do?

THE DEFENDANT: Yes, sir.

THE COURT: We have a jury here that can try you this week. Do you understand that?

THE DEFENDANT: Yes, sir.

THE COURT: Do you understand the seriousness of this charge, Robbery by Force?

THE DEFENDANT: Yes, sir.

THE COURT: It's a felony and carries quite a few years sentence in the penitentiary.

THE DEFENDANT: Yes, sir.

THE COURT: Has anybody tried to influence you in any way to change your plea and enter a plea of guilty in this matter?

THE DEFENDANT: No, sir.

THE COURT: This is on your own free will and accord; is that right?

THE DEFENDANT: Yes, sir.

THE COURT: All right, Mr. Tryon, it's the judgment of this Court, upon your plea of guilty to the charge of Robbery by Force—

What's the recommendation?

MR. TURNER: Recommend fifteen years to do in this case.

THE COURT: —that you be sentenced to serve fifteen years in the State Penitentiary at McAlester.

Now, you have a right to appeal from this judgment to the Appellate Court. Your attorney has stated that you wish to waive that right; you can waive it, if you wish.

THE DEFENDANT: Yes, sir.

THE COURT: You don't want to appeal?

THE DEFENDANT: No, sir.

THE COURT: You want to waive that right?

THE DEFENDANT: Yes, sir.

THE COURT: You have a right to remain here in jail for ten days before being carried to the State Penitentiary. You can waive that right and be taken on down immediately.

THE DEFENDANT: I waive that right.

* * *"

From the foregoing, it is apparent that the defendant, while represented by counsel, freely and voluntarily entered a plea of guilty, with full knowledge of the nature and consequence of such plea, and after having been advised of all of his constitutional rights, the trial court imposed a judgment and sentence which was well within the range provided by law.

Under such circumstances the trial court's Order Denying Post Conviction Relief should be, and the same is hereby, affirmed.

Grover Lee Tryon is advised that he has now exhausted all of his state remedies.

BRETT, and NIX, JJ., concur.